**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ISRAEL JESUS RIVERA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>ATLANTIC COUNTY JUSTICE FACILITY,<br><br>　　　　　　Defendant. | Civil Action No. 22-5720 (KMW) (SAK)<br><br>**OPINION** |

**WILLIAMS, District Judge:**

This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff's complaint (ECF No. 1) and the Court's review of Plaintiff's application to proceed *in forma pauperis*. (ECF No. 1-1.) Having reviewed the application, this Court finds that leave to proceed *in forma pauperis* is warranted in this matter, and Plaintiff's application will be granted. Because Plaintiff will be granted *in forma pauperis* status in this matter, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's complaint shall be dismissed without prejudice.

**I.　BACKGROUND**

In his complaint, Plaintiff seeks to sue the Atlantic County Justice Facility, the county jail in which he is currently incarcerated as a criminal pre-trial detainee. (ECF No. 1 at 3-6.) According to the complaint, while detained in the jail, Plaintiff had a mental breakdown following

a riot in his jail unit. (*Id.* at 5.) Plaintiff was placed under supervision and suicide watch, but was ultimately moved back to his former cell when cleared by jail staff. (*Id.* at 5-6.) Returning to Plaintiff's cell proved too much, and he once again broke down and was moved to a cell with another inmate awaiting a mental health evaluation pending the completion of his own second evaluation, a situation which Plaintiff believes placed him in danger as he was in a less observed and secure environment than he believes is necessary for a mental health risk detainee. (*Id.* at 6.) Plaintiff does not allege any direct harm to himself arising from the approximately two days he was housed with this other inmate, nor does he provide any facts suggesting this other inmate was actually a danger to him. (*Id.*)

## II.    LEGAL STANDARD

Because Plaintiff will be granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed

factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III.   DISCUSSION

In his complaint, Plaintiff seeks to bring a civil rights claim against only the Atlantic County Justice Facility. A county jail, however, is not a person subject to suit under 42 U.S.C. § 1983. *See Harris v. Hudson Cnty. Jail*, No. 14-6284, 2015 WL 1607703, at *5 (D.N.J. April 8, 2015). As the sole named Defendant in this matter is not a person subject to suit under the statute, Plaintiff's complaint must be dismissed without prejudice at this time. *Id.*

While the unsuitability of the jail as a defendant in this matter is sufficient to warrant the dismissal of Plaintiff's complaint, the Court notes that there is an additional deficiency presented

3

in Plaintiff's complaint. In his complaint, Plaintiff is essentially attempting to raise one of two types of claim – deliberate indifference to his mental health, or a claim based on a failure to protect him from either himself or the other inmate with whom he was placed for two days awaiting mental health evaluation. To the extent Petitioner seeks to raise the former class of claim, he must plead that the defendants who allegedly violated his rights were aware of a serious medical or mental health need that he possessed and thereafter committed acts or omissions indicating that they were deliberately indifferent to that need – *i.e.,* that they knew of and disregarded an excessive risk to Plaintiff's safety. *See Natale v. Camden County Corr. Facility*, 318 F.3d 575, 581-82 (3d Cir. 2003). Here, Plaintiff pleads that he had a mental health episode, was evaluated, and returned to his cell. When he broke down once more, he was temporarily placed with another inmate pending a mental health evaluation. From the facts Plaintiff has pled, it is not clear that the guards involved would have been aware that Plaintiff had a severe enough medical need to require an alternative course of action, especially in light of Plaintiff's recent evaluation following the riot incident, and it is in any event not clear that the jail staff were deliberately indifferent to his mental state as they moved him to a new cell and eventually to a mental health evaluation. Plaintiff's deliberate indifference to medical needs claim is therefore deficiently pled.

Finally, the Court notes that Plaintiff has also failed to plead a plausible failure to protect claim. To plead such a claim, a plaintiff must plead facts showing he was "incarcerated under conditions posing a substantial risk of serious harm" and that the defendant was "deliberately indifferent" to that risk of harm. *Belt v. Fed. Bureau of Prisons*, 336 F. Supp. 3d 428, 438-39 (D.N.J. 2018); *see also Farmer v. Brennan*, 511 U.S. 825, 833 (1994); *Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012). Here, Plaintiff has failed to plead that the jail staff knew his being placed with another inmate awaiting evaluation placed Plaintiff at a substantial risk of harm – Plaintiff has pled no facts indicating that this other inmate was dangerous, or that facts indicating that the

4

guards should have known that he was a danger to himself. The Court also notes that Plaintiff has not pled any redressable harm from the placement in this cell – he does not state that he was injured in any way by the placement. Even had Plaintiff named a defendant subject to suit in this matter, these issues would also require his complaint's dismissal. To the extent Plaintiff intends to file an amended complaint raising these claims against a defendant other than the jail, he should address these deficiencies

## IV.   CONCLUSION

For the reasons expressed above, Plaintiff's application to proceed *in forma pauperis* (ECF No. 1-1) shall be **GRANTED**, Plaintiff's complaint (ECF No. 1) shall be **DISMISSED WITHOUT PREJUDICE**. Plaintiff is granted leave to file an amended complaint within thirty days. An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge